IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS                                                          PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 5:08cv276-DCB-MTP

SUSIE BRADSHAW, et al.                                                  DEFENDANTS

## ORDER

BEFORE THE COURT is Plaintiff Banks' Motion for Reconsideration [4] filed September 15, 2008.  Plaintiff moves the Court to reconsider the order [1] entered on September 5, 2008, which dismissed without prejudice and severed civil action number 5:08cv261DCB-MTP into two separate civil actions.

The Plaintiff along with a fellow inmate filed a joint complaint entitled "Emergency Petition for a Writ of mandamus pursuant to 18 U.S.C. § 3332; 28 U.S.C. § 1361; 28 U.S.C. § 1651; and Emergency Motion for Preliminary Injunctive Relief; and Declaration; and Motion to Certify as Class Action and for Class Counsel Appointment" claiming that their constitutional rights to vote were being violated while being housed at F.C.I.-Yazoo, Yazoo City, Mississippi. The order [1] entered on September 5, 2008, held that the instant civil action must be severed because the pro se prisoner Plaintiffs' claims were "based upon the violation of [each] plaintiff's person rights, and not the rights of someone else," see Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990)(citations omitted); Coon v. Ledbetter, 780 F.2d 1158, 1160-61 (5th Cir. 1986), and that since the enactment of the Prison Litigation Reform Act of 1996 (PLRA), multi-plaintiff prisoner complaints render the PLRA inefficient.

In the motion [4] presently before this court (which was also filed in civil action number 5:08cv261DCB-MTP), Plaintiff argues that since the instant civil action was brought in part

pursuant to 18 U.S.C. § 3332, a criminal statute, the PLRA does not apply.  Having considered

the issues raised in the motion [4], the Court finds that the motion is not well-taken and should

be denied.

The instant case was severed into two separate civil actions which are presently pending

in this court.  The instant civil action is one of the severed cases and the Plaintiff has the

opportunity to present his claims that his constitutional rights to vote have been violated while

incarcerated at F.C.I.-Yazoo.  Moreover, even though the Plaintiff's argument is correct that the

criminal statute 18 U.S.C. § 3332, which is one of the bases of the instant complaint, does not

fall within the purview of the Prison Litigation Reform Act, this Court finds that Plaintiff does

not have the authority to pursue a criminal action pursuant to 18 U.S.C. § 3332.  See United

States v. Batchelder, 442 U.S. 114 (1979); see also Inmates of Attica Correctional Facility v.

Rockefeller, 477 F.2d 375 (2d Cir. 1973)(the decision to prosecute officials for alleged violations

of federal civil rights is within the discretion of the United States Attorney); United States v.

Nixon, 418 U.S. 683, 693 (1974)("Executive Branch has exclusive authority and absolute

discretion to decide whether to prosecute a case.").  Finally, Plaintiff Banks as a private citizen

does not have the authority to initiate a federal criminal prosecution against defendants who have

allegedly violated his constitutional rights.  See Williams v. Luttrell, 99 F.App'x 705, 707 (6th

Cir. 2004).

While Plaintiff cannot pursue criminal proceedings against the defendants, he may pursue

a civil action relating to the alleged violation of his constitutional right to vote pursuant

to Bivens v. Six Unknown Named Agents[1], 403 U.S. 388, 395-97 (1971) against federal agents

and/or a 42 U.S.C. § 1983 action against state actors.  This Court does have the power to

construe liberally a pro se Plaintiff's pleading as one brought pursuant to another statute.  See

Davis v. Fechtel, 150 F.3d 486 (5th Cir. 1998)(court construed petition for mandamus relief as

one filed pursuant to § 2241); Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987)(court

construed § 2254 petition as a § 2241 petition).

Plaintiff's claim concerning his right to vote being violated presents a claim that could be

pursued as a Bivens claim against federal agents and/or as a 42 U.S.C. § 1983 claim against state

officials.  Thus, his claim is clearly a condition of his confinement and therefore, the PLRA

applies.  As pointed out by Plaintiff in his motion to reconsider [4], he has accumulated three-

strikes[2] under the PLRA and therefore, must pay the filing fee in order to pursue a conditions of

confinement claim.  Hence, Plaintiff's refusal to file a conditions of confinement complaint as

provided for by Bivens v. Six Unknown Named Agents, 403 U.S. 388, 395-97 (1971) or as a 42

U.S.C. § 1983 complaint, is no surprise because he knows that he will be required to pay the

---

[1]Under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 395-97 (1971), a person acting under color of federal law may be sued for damages if that federal agent deprived another person of a right secured by the Constitution or other law of the United States.

[2]In *Banks v. Hayward, et al.*, No. 06-509 (W.D. PA. May 30, 2006), Plaintiff's claim was dismissed for failure to state a claim.
In *Banks v. Hayward, et al.*, No. 06-1572 (W.D. PA. Jan. 10, 2007), Plaintiff's claim was dismissed as frivolous and/or for failure to state a claim.
In *Banks v. Dove, et al.*, No. 06-2289 (M.D. PA. Jan. 16, 2007), Plaintiff's claim was dismissed as frivolous.
In *Banks v. Pittsburgh Tribune Review, et al.*, No. 07-336 (W.D. PA. May 4, 2007), Plaintiff's claim was dismissed for failure to state a claim.

filing fee as set forth in 28 U.S.C. § 1915 unless he can met the exception of being "under imminent danger of serious physical injury."  Notwithstanding Plaintiff's three-strikes, based on the foregoing discussion, this Court has determined that the correct legal finding was issued in this cause in the order [1] severing this case.

IT IS HEREBY ORDERED that the Plaintiff's Motion to Reconsider [4] filed on September 15, 2008, is hereby **DENIED.**

IT IS FURTHER ORDERED AND ADJUDGED that the underlying civil action upon which the plaintiff bases his writ of mandamus request is in the nature of a conditions of confinement complaint brought as a Bivens civil action and as a § 1983 civil action.  Therefore, the PLRA applies.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of Court shall mail to the prisoner filing this complaint a copy of the Notice (Form PSP-1); Acknowledgment of Receipt and Certification (Form PSP-3) and a form by which the plaintiff may voluntarily dismiss (Form PSP-4) his lawsuit.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff is directed that if he wants to continue with this case the plaintiff shall sign the Acknowledgment (Form PSP-3) and return it to the Clerk of Court **within 20 days of the date of this order,** or if the plaintiff wants to dismiss this case, then the plaintiff shall sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court **within 20 days of the date of this order.**

**The plaintiff is warned that his failure to return one or the other of the forms within 20 days of the date of this order, and his failure to advise this court of a change of address will be deemed as a purposeful delay and contumacious act by the plaintiff and may result**

4

in this case being dismissed <u>sua</u> <u>sponte</u>, without prejudice, without further written notice.

This the ___23rd___ day of October, 2008.

_____s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NOTICE TO PRISONERS FILING COMPLAINTS

The attached Acknowledgment of Receipt must be signed and returned if you wish to continue your lawsuit.

On April 26, 1996, the President of the United States signed into law certain amendments to Title 28, United States Code, Section 1915 and Section 1932, entitled the Prison Litigation Reform Act which may affect your decision to continue with this lawsuit. The Governor of Mississippi also approved amendments passed by the Mississippi Legislature to Section 47-5-138 of the Mississippi Code of 1972 which may affect your decision to continue with this lawsuit.

I.   **IMPOSITION OF FILING FEES**

In accordance with the 1996 amendments to the in forma pauperis (IFP) statute, as a prisoner you will be obligated to pay the full filing fee of $350.00 for a civil action, or $455.00 for an appeal.

1.  If you have the money to pay the filing fee, you should immediately send a cashier's check or money order to the court.

2.  If you do not have enough money to pay the full filing fee the court will assess an initial partial filing fee thirty (30) days from the filing of your complaint. The initial partial filing fee will be equal to 20 percent of the average monthly deposits to your prison account for the last six months or 20 percent of the average monthly balance in your prison account for the last six months period, whichever is greater. The court will order the agency that has custody of you to take that initial partial filing fee out of your prison account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the amount of the filing fee is paid in full, each month you will owe 20 percent of your preceding month's income credited to your prison account toward the balance. The agency that has custody of you will collect that money and send payments to the court any time the amount in your prison account exceeds $10.00.

3.  Regardless of whether some or all of the filing fee has been paid, the court is required to screen your complaint and to DISMISS the complaint if:
    a.     Your allegation of poverty is untrue;
    b.     The action is frivolous or malicious;
    c.     Your complaint does not state a claim upon which relief can be granted; or
    d.     You sue a defendant for money damages and that defendant is immune from liability for money damages.

PSP-1

4. <u>Judgments including costs</u>- If a judgment is rendered against you that includes the payment of costs, you will be required to pay the **full amount** of the costs ordered.  You will be required to make payments for costs in the same manner as is provided (above, page 1, section I.) for filing fees.

II.     **NOTICE AND WARNING**

**1. Federal Law- Future Suits May be Barred**

Under the new amendments to 28 U.S.C. § 1915, if a prisoner has, on **3** or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was **dismissed** on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted, the prisoner **will be barred** from bringing any further civil action or appeal a judgment in a civil action or proceeding unless the prisoner is under imminent danger of serious physical injury.  28 U.S.C. § 1915, § 804 (g).

**2. Federal Law- Loss of Good Time**

Under the new amendments to 28 U.S.C. § 1932, in any civil action brought by an adult convicted of a crime and confined in a <u>Federal Correctional Facility</u>, if the court finds that the claim was filed for a malicious purpose, or the claim was filed solely to harass the party against which it was filed, or the claimant testifies falsely or otherwise knowingly presents false evidence or information to the court, the court may order the revocation of earned good time credit under 18 U.S.C. § 3624(b), that has not yet vested.

**3. State Law- Loss of Good Time**

Under the new amendments to Mississippi Code § 47-5-138, if a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections is dismissed as frivolous or malicious, by a final order, the department shall forfeit:

a. **Sixty (60) days** of an inmate's accrued earned time if the department has received one (1) final order;

b. **One hundred twenty (120) days** of an inmate's accrued earned time if the department has received two (2) final orders;

c. **One hundred eighty (180) days** of an inmate's accrued earned time if the department has received three (3) or more final orders.

The Department may <u>not restore</u> earned time forfeited under this section.

In light of the potential consequences of having your case dismissed as "frivolous" you are advised that the term "frivolous" may have a legal meaning that is different from what you consider this term to mean.  Even though you are completely sincere in your suit, it may be dismissed as "frivolous" if it lacks an arguable basis in law or fact.  Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not  recognized by federal law.  *See, e.g.,* <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).

J. T. Noblin
Clerk of Court

PSP-1

If Plaintiff wishes to continue with his or her lawsuit, he or she should sign and return one copy of this notice to the Clerk of Court immediately.

## ACKNOWLEDGMENT OF RECEIPT and
## CERTIFICATION TO BE SIGNED AND RETURNED BY THE PLAINTIFF

I have read the above statements, and fully understand that I am obligated to pay the full filing fee, even if I do not have enough money at this time.

I have read the above statements, and fully understand that if this lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, I may be barred from filing further lawsuits or appeal a judgment of this Court, and I may lose up to **180 days** of earned "good time" credits, if I am confined within the Mississippi Department of Corrections.

I have read the above statements, and fully understand that if the court finds this lawsuit was filed for a malicious purpose, or solely to harass the defendants, or that I testified falsely or otherwise knowingly presented false evidence or information to the court, I may lose earned "good time" credit, that has not yet vested, if I am confined in a Federal Correctional Facility.

_____                    _____

DATE                                 SIGNATURE OF PLAINTIFF

_____

NAME OF PLAINTIFF (Please Print or type)

**Directions to the Plaintiff:**

**Print your name here:**_____

**Print the Defendants name(s) here:**_____

_____

**Print the number assigned to your case by the Clerk's office \_\_\_:\_\_\_\_cv\_\_\_\_\_ \_\_\_**
**(Example: 3 : 96 cv 999 BN)**

PSP-3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
_____ DIVISION


_____                                    PLAINTIFF


VERSUS                                          CIVIL ACTION NO. _____


_____                                    DEFENDANT(S)


## NOTICE OF VOLUNTARY DISMISSAL

As the plaintiff, I hereby dismiss this cause, without prejudice,  pursuant to Rule 41(a)(1) of

the Federal Rules of Civil Procedure.  I further attest that this motion is voluntarily made and is not

based upon pressure or threats from any source whatsoever.

This the _____ day of _____, 2008.


                                        _____
                                        Signature of Plaintiff


+------------------------------------------------------------------+
| After reviewing the correspondence from this Court, if you wish to dismiss your case you should |
| fill in your name, the name of the defendant(s) and the case number on this form and return the |
| signed copy of this Notice of Voluntary Dismissal to the Clerk of Court immediately. |
+------------------------------------------------------------------+

PSP-4